UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOSE LISBOA, JR., ) | CASE NO. 1:11 CV 0072 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| WALTER CAMINO, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

Before the Court is pro se plaintiff Jose Lisboa's above-captioned civil rights Complaint against Attorney Walter Camino, Judge Bridget McCafferty, Sheriff Dan Michalowski, Detective Homer Allen, Deputy Sheriff James Slattery, Cuyahoga County Prosecutor William Mason, Assistant County Prosecutor Edward Lentz, Assistant County Prosecutor Matthew Meyers, Cuyahoga County Sheriff Robert Reid, Public Defender Robin Tobik and John & Jane Does 1-10. Plaintiff alleges 12 claims for relief based, inter alia, on violations of 42 U.S.C. §§ 1983, 1985, 1986 and several state laws.  Mr. Lisboa seeks compensatory and punitive damages in the amount of $20,000.000.00.

## *Background*

The relevant facts in this case trace back to Mr. Lisboa's indictment in the Court of

Common Pleas, Cuyahoga County on April 14, 2004. See State of Ohio v. Lisboa, No. CR-04-451451-ZA (Cuy. Cty. Ct. Comm. P. 2004). The indictment charged him with aggravated assault in violation of ORC § 2903.12, domestic violence in violation of ORC § 2919.25, and possessing criminal tools in violation of ORC § 2923.24.

Mr. Lisboa was arrested on May 3, 2004 and charged with conspiracy to engage in felonious assault, drug possession, possession of criminal tools, and two counts of witness or victim intimidation and retaliation. See State of Ohio v. Lisboa, CR-04-456885-A (Cuy. Cty. Ct. Comm. P., filed Sep. 23, 2004). The following day, the prosecuting attorney entered a nolle prosequi on the indictment.

On the same date the CR-04-456885-A indictment was nolled, Mr. Lisboa pled guilty to aggravated assault and domestic violence in Case No. 451451-ZA. The docket indicates a third count was nolled by the prosecution. As a condition of his plea, Mr. Lisboa waived extradition and agreed to leave the United States within 45 days of the date of the plea agreement. Mr. Lisboa later filed a motion which corrected a Journal Entry on November 1, 2004 to read: "DEFENDANT SHALL SERVE A TERM OF INCARCERATION OF 11 MONTHS NOT 18 MONTHS IF PLEA AGREEMENT IS NOT COMPLIED WITH." Id.

Mr. Lisboa was deported from the United States to Brazil on June 17, 2005. The County Court then terminated the Community Control Sanction it previously ordered. Almost two years after he entered his plea, however, Mr. Lisboa filed a Motion to Vacate and Allow Withdrawal of Plea in the Common Pleas Court under Criminal Rule 32.1 on April 21, 2006. Court records

2

reveal:[1]

> The main evidence in support of appellant's motion for a new trial was an affidavit he received in March 2006 from witness, Bill Wilson (originally the state's informant). In the affidavit, Wilson indicated that appellant's wife, Kimberly, had paid him to set up appellant to commit a crime, but that appellant had eventually stated that he wanted to abandon the plan.
>
> In the motion for a new trial, appellant argued that the trial court lacked jurisdiction to agree to the 45-day time period to leave the country; that he did not enter into a knowing and voluntary plea because he thought he could prevent deportation under the agreement; that he was denied effective assistance of counsel because his attorney failed to tell him that he could be deported; that the state failed to reveal evidence that his wife had "set him up" to be deported by paying Wilson and that appellant had renounced the conspiracy; and that tapes, which revealed he had renounced the conspiracy, had been tampered with.

The trial court denied his motion after a full hearing on December 19, 2006. He appealed to the Eighth Appellate District Court of Appeals on January 11, 2007. The Court of Appeals vacated petitioner's plea and sentence. See State v. Lisboa, No. 89283 (Ohio App. 8 Dist., Feb. 4, 2008). The case was remanded to the trial court on March 3, 2008. The Appeals Court vacated the plea and sentence because the ten-year period of community control sanctions imposed was contrary to law and therefore void.

Mr. Lisboa then filed a Motion for Discharge and/or Dismissal of Charges on September 23, 2008. The Common Pleas court denied his Motion to Dismiss on February 23, 2009.

---

[1] State v. Lisboa, Cuyahoga App. No. 89283 (2008 WL 384141, at *1.) The Court takes notice of the relevant facts outlined in Mr. Lisboa's appeal of his plea in Case No. CR-451451 to the Eighth Circuit Court of Appeals.

3

On April 9, 2009, Mr. Lisboa was again indicted in the Cuyahoga County Court of Common Pleas. See State of Ohio v. Lisboa, No.CR-09-522757-A (Cuy. Cty. Ct. Comm. P. 2009). The indictment charged him with felonious assault, telecommunications harassment, and aggravated menacing. A certified summons for him to appear for arraignment was returned to the court "Signed by Other." A capias was issued for Mr. Lisboa and sent to the Sheriff on April 23, 2009. Mr. Lisboa then moved to set aside the capias and requested permission to enter a not guilty plea in absentia on May 20, 2009. The trial court denied the motion.

During the pendency of Mr. Lisboa's 2009 indictment, a pre-trial conference for the 2004 case was held on August 21, 2009. Judge McCafferty noted that during the last pre-trial in the 2004 case, the State promised to apprise her of its intent to extradite Mr. Lisboa. The State explained it was awaiting the results of a hearing that Mr. Lisboa claimed was pending before U.S. Immigration. Judge McCafferty then scheduled a September 3, 2009 pre-trial conference.

On August 26, 2009, Mr. Lisboa filed a Notice of Appeal presumably from the court's February 2009 denial of his Motion to Dismiss the 2004 indictment. Due to scheduling conflicts, the September 3, 2009 pre-trial hearing was rescheduled and held on September 9, 2009. The Judgment Entry, filed on September 11, 2009, from that hearing established:

> A REVIEW OF THE DOCKET REVEALS THAT AT THE LAST PT, STATE INDICATED IT WOULD APPRISE THE COURT OF THE INTENT TO EXTRADITE DEFENDANT. STATE WAS AWAITING THE RESULTS OF A HEARING BEFORE US IMMIGRATION THAT DEFENDANT HAD APPRISED THE COURT AND COUNSEL WAS PENDING. THE COURT HAS NOT BEEN UPDATED AS TO EITHER THE STATUS OF SAID HEARING AND/OR EXTRADITION PROCEEDINGS PERTAINING TO THIS DEFENDANT. DEFENDANT INDICATED THAT ON JULY 7, 2008 AN IMMIGRATION JUDGE ORDERED HIS

4

> DEPORTATION REVERSED AND THE UNITED STATES GOVERNMENT APPEALED AND SAID APPEAL IS PENDING. AS SUCH, COURT CANNOT PROCEED WITH THE CASE UNTIL AND UNLESS DEFENDANT EITHER IS ABLE TO RETURN TO THE COUNTRY OR IS EXTRADITED BY THE STATE OF OHIO. COURT SETS A PRETRIAL ON 12-15-09 AT 9AM. TO RECEIVE AN UPDATE ON SAID ISSUES. THERE SHALL NOT BE ANY ACTIVITY ON THE CASE IN THE INTERIM, UNTIL THE COURT CAN CONFIRM THE DEFENDANT IS IN THE UNITED STATES OF AMERICA. THE CLERK IS ORDERED TO SERVE A COPY OF THIS ORDER TO MAXWELL MARTIN, ASSISTANT COUNTY PROSECUTOR, . . . AND JOSE LISBOA, DEFENDANT, AT: RUA MINISTRO FERREIRA ALVES 208-SL-01 SAO PAULO, SP, BRASIL 05009-060. MR. LISBOA MAY PARTICIPATE VIA TELECONFERENCE AND A COURT REPORTER SHALL BE PRESENT AT SAID PRETRIAL. DEFENDANT REQUESTS A TRANSCRIPT OF THESE PROCEEDINGS AND MAY ORDER SAME FROM THE COURT REPORTER'S DEPARTMENT, BY CONTACTING THAT DEPARTMENT AND ARRANGING SAME. IT IS SO ORDERED. 09/09/2009 CPBMM 09/10/2009 12:07:39

Lisboa, No. CR-04-451451-ZA (Filed Sept. 11, 2009.) Slightly more than one month later, the Eighth Circuit dismissed Mr. Lisboa's Appeal sua sponte on October 29, 2009 for failing to file a brief in support of his appeal. On November 17, 2009, his Motion for Reinstatement of Appeal and Extension of Time was denied by the Court of Appeals. That is the last entry on the docket in that case.

On September 22, 2009, Mr. Lisboa filed two separate Notices of Appeal in the 2009 indictment. Both appeals were dismissed sua sponte on November 16, 2009 and December 3, 2009, respectively. A third appeal was filed October 30, 2009 and dismissed sua sponte on January 8, 2010. On March 2, 2010, he filed a pro se Motion to Dismiss the Indictment based on vindictive

prosecution. The motion was denied on April 2, 2010. Mr. Lisboa filed two additional Notices of Appeal on April 28, 2010. Both of his appeals were dismissed sua sponte on May 6, 2010. To date, there are no further entries are on the docket in the 2009 case.

*Standard of Review*

Claims that do not provide an adequate basis for the district court's jurisdiction are subject to dismissal. See Apple v. Glenn, 183 F.3d 477, 479 (6th Cir.1999). A district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. See Hagans v. Lavine, 415 U.S. 528, 536-37(1974) (citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction, but ultimately finding the plaintiffs' claims raised under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) formally alleged a deprivation of constitutional rights and thus were not unsubstantial or wholly frivolous); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims, but then allowing an arguably plausible claim to proceed).

*Analysis*

In his complaint before this Court, Mr. Lisboa raises twelve causes of action. First, he alleges the defendants violated his Fourth, Fifth and Fourteenth Amendment rights by "manufacturing" probable cause for his arrest and falsely accusing him of crimes. Additionally, he alleges Cuyahoga County failed to adequately train its officers and are, therefore, liable for their unconstitutional acts. Under two additional claims for relief, Mr. Lisboa asserts violations of 42

U.S.C. §§1985 and 1986 because the defendants "knowingly agreed" to deprive him of his civil rights. His remaining eight claims are based on state law violations over which Mr. Lisboa asserts this court has diversity jurisdiction.

The civil rights allegations stem from Mr. Lisboa's theory that he was 'set up' by his ex-wife, through the actions of Bill Wilson and Cliff Vodicka in 2004, to commit crimes. He maintains he never followed through on their attempts to bait him to commit a crime. Nonetheless, he maintains the prosecutor and police still pursued false charges against him.

Court records reveal Mr. Lisboa filed a civil complaint against his former wife, Kim Lisboa, her Attorney Roger Kleinman, his law firm McDonald Hopkins, his former mother-in-law Sharon Arslanian and John Does 1-15 in this court in 2007. See Lisboa v. Kleinman, No. 1:07cv0707 (N.D. Ohio filed Mar. 11, 2007). The complaint alleged, in part, that "[b]y the end of March 2004, Wilson, Vodicka, Kimberly and Kleinman knowingly agreed and participated in the illegal and well-financed plan to conspire against Jose." Id. at 14. With regard to the John Doe defendants, Mr. Lisboa alleged they were "various unknown entities, persons and/or corporations, legal professional associations, legal partnerships agencies and or other entities that may have acted alone and/or in concert and/or conspired with the named Defendants to commit the acts that led to the false arrest, extended detention, malicious prosecution, illegal Plea Agreement and deportation of Jose." Id. at 6. The complaint was dismissed with prejudice on December 4, 2007.

The complaint before this Court involves the same set of facts and circumstances about which Mr. Lisboa complained in his 2007 complaint. It appears the only difference is that he is now naming the defendants he identified as "John Does" in his 2007 complaint. For the reasons set forth below, the complaint is barred by res judicata.

*Res Judicata*

The doctrine of res judicata, or claim preclusion, prevents parties from relitigating a claim that has already been decided. Under res judicata, a final judgment on the merits of an action bars relitigation between the same parties or their privies on issues that were or could have been raised in that action. See Kremer v. Chemical Construction Corp., 456 U.S. 461, 467 n. 6 (1982); Vinson v. Campbell County Fiscal Court, 820 F.2d 194, 197 (6th Cir.1987). It "ensures the finality of decisions." Brown v. Felsen, 442 U.S. 127, 131 (1979) (superseded on other grounds by the Bankruptcy Code).

The Memorandum Opinion and Order granting the defendants' motion to dismiss Mr. Lisboa's complaint decided the merits of his claims regarding the events leading up to his arrest in 2004. Pursuant to the doctrine, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147, 153 (1979). In other words, the doctrine requires a party to bring in one litigation all its claims arising from a particular transaction. See Pentagen Technologies Int'l, Ltd. v. CACI Int'l Inc., 1996 WL 435157 at *7. Thus, any claims Mr. Lisboa chose to raise regarding his arrest and prosecution in Cuyahoga County had to be raised in his 2007 complaint. Indeed, the 2007 complaint was dismissed based on res judicata. This Court noted that:

> Each of these allegations could have been raised in defense to the criminal charges brought against Mr. Lisboa, and any claims which support his contention that his plea was not voluntary could have been raised on direct appeal. Mr. Lisboa abandoned these defenses in order to plead guilty to reduced charges, and he did not choose to file a direct appeal of his conviction. Therefore, the facts and issues underlying his claims for conspiracy, abuse of process, fraud,

8

> intentional infliction of emotional distress (as against Kimberly Lisboa and Mr. Kleinman), and third party legal malpractice, are collaterally estopped and may not be relitigated in a civil proceeding.

Lisboa, No.1:07cv0707 (Mem. Op. at 11.) Mr. Lisboa's attempt to relitigate the same operative facts surrounding his prosecution and arrest is futile. His attempt to rely on the Court of Appeals decision to vacate his plea did not invalidate his indictment. This is apparent from his numerous unsuccessful attempts to dismiss the charges named in the indictment against him. Even his attacks on the 2009 indictment cannot proceed. Again, this Court addressed the merits of his claims regarding that indictment in the action he filed in this court on August 10, 2010. See Lisboa, Jr. v. Court of Common Pleas Cuyahoga County, 1:10-cv-01753-DAP (N.D. Ohio Aug. 10, 2010)(Polster, J.) Judge Polster dismissed the case on the merits on December 22, 2010. Thus, any claims regarding his 2009 indictment are also barred by res judicata.

## Conclusion

Based on the foregoing, the complaint is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*Donald C. Nugent 2/24/2011*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE